## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SRIRACHAS LLC,

      Plaintiff,

v.                                                      Case No: 8:21-cv-1203-CEH-AAS

BAKTAGE NEKZAI and SPORTS
APPAREL GROUP INC,

      Defendants.

_____/

### O R D E R

This cause comes before the Court upon Plaintiff Srirachas LLC's Motion for Mail Service by Clerk under FRCP 4(f)(2)(C)(ii) (Doc. 16). The Court will grant the Motion for Mail Service by Clerk.

### DISCUSSION

Srirachas LLC allegedly sells women's yoga pants under the brand Srirachas®, which, according to the complaint, include a "hidden crotch opening" that permits the wearer to "engage in sexual intercourse while fully dressed" and to undergo procedures, "such as fertility exams," without needing to remove the pants. Doc. 1 ¶¶7–8. Srirachas sues Sports Apparel Group, Inc., a Canadian corporation with a principal place of business and registered office in Canada, and Baktage Nekzai, an Ontario resident and co-director of Sports Apparel, for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. *Id.* at ¶¶2–3, 30–37.

Srirachas has encountered difficulty in serving these Canadian defendants. Most recently, the Ontario Ministry of Justice informed Srirachas that neither Sports Apparel nor Nekzai had been served. *See* Doc. 15 at 1–2. Srirachas now asks the Court to enter an order directing the Clerk to mail the summonses and complaint "via first class registered mail" to Sports Apparel and Nekzai under Federal Rule of Civil Procedure 4(f)(2)(c)(ii). Doc. 16 at 1.

Under the Federal Rules of Civil Procedure, unless federal law provides otherwise, a person may be served at a place not located within any judicial district of the United States "by any international agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).[1] Additionally, if no internationally agreed means exists, or if any international agreement allows other means without specifying, an individual may be served by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," as long as the foreign country's law does not prohibit that method. Fed. R. Civ. P. 4(f)(2)(c)(ii).

The purpose of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, commonly known as the "Hague Service Convention," is "to simplify, standardize, and generally improve the

---

[1] Because Sports Apparel is allegedly a Canadian corporation, Doc. 1 ¶3, it must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under [Rule] 4(f)(2)(c)(i)," Fed. R. Civ. P. 4(h)(2).

process of serving documents abroad." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017). The United States and Canada are parties to the treaty. *14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conference on Private International Law – Conférence de La Haye de deroit international privé, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited May 26, 2022).

Under the Hague Service Convention, each contracting state must designate a "Central Authority" to receive requests for service coming from other contracting states. *14. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conference on Private International Law – Conférence de La Haye de deroit international privé, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (last visited May 26, 2022). "The principal method of service under the Convention is through the designated Central Authority." *TracFone Wireless, Inc. v. Bitton*, 287 F.R.D. 687, 690 (S.D. Fla. 2012). Additionally, Article 10(a) of the Hague Service Convention states that, "[p]rovided the State of destination does not object," the Convention must not interfere with "the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ." *14. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Hague Conference on Private International Law – Conférence de La Haye de deroit international privé, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (last visited May 26, 2022).

Article 10(a) "encompasses" service by mail, but "this does not mean that the Convention affirmatively *authorizes* service by mail." *Water Splash*, 137 S. Ct. at 1513 (emphasis in original). "In cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.*

First, Canada does not object to service by postal channels. *Id.* at 1512 n.7; *Canada – Central Authority & practical information*, Hague Conference on Private International Law – Conférence de La Haye de deroit international privé, https://www.hcch.net/index.cfm?oldlang=en&act=authorities.        details&aid=248 (last visited May 26, 2022) (indicating that Canada does not object to Article 10(a) of the Hague Service Convention).

Turning to the second step, the Court must look to "otherwise-applicable law," which, here, is Rule 4 of the Federal Rules of Civil Procedure. *See*, *e.g.*, *Wyndham Hotel Grp. Can., ULC v. 683079 Ontario Ltd.*, No. 17-4000 (JMV), 2018 WL 2078704, at *5 (D.N.J. May 4, 2018) ("Turning to step two, the Court must look to the 'otherwise-applicable law of the forum in this case: the Federal Rules of Civil Procedure."); *CKR Law LLP v. Anderson Invs. Int'l LLC*, 525 F. Supp. 3d 518, 526 (S.D.N.Y. 2021) (holding that the second step was satisfied because Rule 4(f)(3) authorized service by mail); *Jones v. Invasix Inc.*, No. 3:19-cv-0860, 2020 WL 2542603, at *7 (M.D. Tenn. May 19, 2020) ("The only 'otherwise-applicable' law for serving a business entity in Israel under the Federal Rules, however, is service by Rule 4(f)(2) or (3) . . . .").

Looking to Rule 4(f)(1), that rule "does not go beyond means of service affirmatively authorized by international agreements." *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). Again, "the Hague Convention does not affirmatively authorize service by mail." *Wyndham*, 2018 WL 2078704, at *5. But, turning to Rule 4(f)(2), if an internationally agreed means of service does not exist, or if an international agreement allows but does not specify other means, foreign service may be effected by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," as long as the foreign country's law does not prohibit that form of service. Fed. R. Civ. P. 4(f)(2)(C)(ii). "Explicit, affirmative authorization for service by international mail is found only in Rule 4(f)(2)(C)(ii)." *Brockmeyer*, 383 F.3d at 804. As discussed above, Canada's law does not prohibit service by postal channels. *See TracFone*, 278 F.R.D. at 691 (emphasizing that Canada does not object to Article 10(a) and allowing service upon a Canadian defendant under Rule 4(f)(2)(C)(ii)). And serving Sports Apparel and Nekzai via mail is reasonably calculated to give notice to each defendant.

Therefore, the Court will grant Srirachas's request for service via international mail under Rule 4(f)(2)(C)(ii). Srirachas must ensure that this form of mail includes signed receipts, in accordance with Rule 4(f)(2)(C)(ii). Further, the Federal Rules of Civil Procedure require that service effected under Rule 4(f)(2) "must be proved . . . by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(l)(2)(B). Once service has been effected, Srirachas must promptly file proof of service in

accordance with Rule 4(l)(2)(B). Finally, the Court reminds Srirachas of its obligation to file a status report and to undertake diligent efforts to ensure service. Doc. 15 at 2–3.

Accordingly, it is **ORDERED**:

1. Srirachas LLC's Motion for Mail Service by Clerk under FRCP 4(f)(2)(C)(ii) (Doc. 16) is **GRANTED**.

2. The Clerk of Court must serve Defendant Sports Apparel Group, Inc., and Defendant Baktage Nekzai by sending, via international mail, return receipt requested, one copy of each of the following documents to both defendants: (1) the complaint (Doc. 1); (2) the respective summons (Doc. 6); (3) the civil cover sheet; (4) this order; and (5) a cover letter provided by Plaintiff Srirachas LLC.

3. Srirachas's counsel must confer with the Clerk and ensure that the Clerk promptly receives all necessary materials to effect service, such as the necessary pre-paid materials and the necessary pre-addressed materials, including cover letters for the Clerk to send to both defendants.

4. Once service has been effected, Srirachas must promptly file proof of service in accordance with Rule 4(l)(2)(B) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Tampa, Florida on May 27, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies: All Parties of Record